# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CARLO CARLOTTA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-3323 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| NICK SIKORA, individually and as | ) | |
| agent of Village of Elburn, ELBURN | ) | |
| POLICE DEPARTMENT, and | ) | |
| VILLAGE OF ELBURN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

For the reasons set forth below, Defendant's motion to dismiss [12] is granted. Plaintiff's complaint is dismissed without prejudice, and Plaintiff is given until May 1, 2020, to file an amended complaint, if he can do so consistent with Federal Rule of Civil Procedure 11. If no amended complaint is filed on or before May 1, 2020 (or any extension of that deadline), the Court will enter final judgment under Federal Rule of Civil Procedure 58 and close the case. If Plaintiff files an amended complaint, the Court will set this case for a further status hearing shortly thereafter.

**I.    Background[1]**

Plaintiff Carlo Carlotta was fired from his job as a part-time police officer at the Village of Elburn Police Department, purportedly for misconduct. Plaintiff had no opportunity to respond to the charges of misconduct. Plaintiff was also a part-time police officer at the Campton Hills Police

---

[1] For purposes of ruling on Defendant's motions to dismiss, the Court accepted as true all of Plaintiff's well-pleaded factual allegations and drew all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

Department. The Elburn Chief of Police, Nick Sikora, contacted Chief Daniel Hoffman of the Campton Hills Police Department and told Hoffman:

- Plaintiff was previously employed as a police officer with the Village of Skokie, Illinois and had been terminated with cause from that position;
- Plaintiff was under investigation by the Saint Louis Police Department for an off-duty incident that occurred on December 3, 2016 in Saint Louis, Missouri;
- Plaintiff was terminated from his employment with the Elburn Police Department for the December 3 incident; and
- Plaintiff was otherwise unfit to be a police officer.

As a result, the Campton Hills Police Department terminated Plaintiff. Plaintiff alleges that Sikora made similar statements to other law enforcement agencies as well.

Plaintiff sued Sikora, the Village of Elburn, and the Elburn Police Department in the Circuit Court of Cook County, Illinois. Count I is a claim under 42 U.S.C.§ 1983 for deprivation of due process. Count II is a claim under 42 U.S.C.§ 1983 for deprivation of liberty. On April 18, 2019, the case was dismissed for want of prosecution based on the Plaintiff's counsel's failure to appear. However, on May 9, 2019, Plaintiff filed a motion to vacate the dismissal for want of prosecution. Defendants removed the suit to the Northern District of Illinois. Defendants now move to dismiss for failure to state a claim under Federal Rule of civil Procedure 12(b)(6).

## II. Legal Standard

To survive a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the

"speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly,* 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiffs' well-pleaded factual allegations and draws all reasonable inferences in Plaintiffs' favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). However, "[t]o survive a motion to dismiss, the well-pleaded facts of the complaint must allow the court to infer more than the mere possibility of misconduct." *Langworthy v. Honeywell Life & Acc. Ins. Plan*, 2009 WL 3464131, at *2 (N.D. Ill. Oct. 22, 2009) (citing *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)). Evaluating whether a "claim is sufficiently plausible to survive a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *McCauley*, 671 F.3d at 616).

### III. Analysis

Count I alleges that Defendants violated Plaintiff's due process rights. "To demonstrate a procedural due process violation of a property right, the plaintiff must establish that there is (1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process. Accordingly, a plaintiff asserting a procedural due process claim must have a protected property interest in that which he claims to have been denied without due process." *Price v. Bd. of Educ. of City of Chicago*, 755 F.3d 605, 607–08 (7th Cir. 2014), citing *Khan v. Bland,* 630 F.3d 519, 527 (7th Cir. 2010). "Although the Fourteenth Amendment protects property rights, it does

not create them. Instead, property rights 'are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'" *Frey Corp. v. City of Peoria,* 735 F.3d 505, 509–10 (7th Cir. 2013) (quoting *Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564, 577 (1972)). "A protected property interest in employment can arise from a statute, regulation, municipal ordinance, or an express or implied contract * * *." *Covell v. Menkis,* 595 F.3d 673, 675–76 (7th Cir. 2010). [T]o demonstrate a cognizable property interest in [a] job" with a public employer, the employee "must be able to show that she had some legitimate expectation of continued employment." *Meade v. Moraine Valley Community College*, 770 F.3d 680, 686 (7th Cir. 2014).

Defendants argue that the complaint fails to alleges a cognizable property interest in Plaintiff's employment. Paragraph 16 of the complaint is a conclusory assertion that Plaintiff has such a property interest. Plaintiff says he was a party to a collective bargaining agreement that gives him cognizable property interests and asks to amend the complaint to add allegations related to the agreement. [19, at 2.] The Court will allow such amendment. Count I is dismissed, without prejudice, and Plaintiff is given until May 1, 2020 to amend file an amended complaint, if he can do so consistent with Rule 11.

Count II alleges that Defendants deprived Plaintiff of liberty in violation of the Fourteenth Amendment by firing him from one job and by making statements to Chief Hoffman that led to his termination from a second job. "The concept of liberty protected by the due process clause has long included occupational liberty—'the liberty to follow a trade, profession, or other calling.'" *Wroblewski v. City of Washburn,* 965 F.2d 452, 455 (7th Cir.1992) (quoting *Lawson v. Sheriff of Tippecanoe County,* 725 F.2d 1136, 1138 (7th Cir.1984)). However, "[i]t is the liberty to pursue

not create them. Instead, property rights 'are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'" *Frey Corp. v. City of Peoria,* 735 F.3d 505, 509–10 (7th Cir. 2013) (quoting *Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564, 577 (1972)). "A protected property interest in employment can arise from a statute, regulation, municipal ordinance, or an express or implied contract * * *." *Covell v. Menkis,* 595 F.3d 673, 675–76 (7th Cir. 2010). [T]o demonstrate a cognizable property interest in [a] job" with a public employer, the employee "must be able to show that she had some legitimate expectation of continued employment." *Meade v. Moraine Valley Community College*, 770 F.3d 680, 686 (7th Cir. 2014).

Defendants argue that the complaint fails to alleges a cognizable property interest in Plaintiff's employment. Paragraph 16 of the complaint is a conclusory assertion that Plaintiff has such a property interest. Plaintiff says he was a party to a collective bargaining agreement that gives him cognizable property interests and asks to amend the complaint to add allegations related to the agreement. [19, at 2.] The Court will allow such amendment. Count I is dismissed, without prejudice, and Plaintiff is given until May 1, 2020 to amend file an amended complaint, if he can do so consistent with Rule 11.

Count II alleges that Defendants deprived Plaintiff of liberty in violation of the Fourteenth Amendment by firing him from one job and by making statements to Chief Hoffman that led to his termination from a second job. "The concept of liberty protected by the due process clause has long included occupational liberty—'the liberty to follow a trade, profession, or other calling.'" *Wroblewski v. City of Washburn,* 965 F.2d 452, 455 (7th Cir.1992) (quoting *Lawson v. Sheriff of Tippecanoe County,* 725 F.2d 1136, 1138 (7th Cir.1984)). However, "[i]t is the liberty to pursue

a *calling or occupation,* and not the right to a specific job, that is secured by the Fourteenth Amendment." *Id.* (emphasis added). The complaint does not allege that Plaintiff's legal status has been altered such that he cannot pursue other jobs as a law enforcement officer, much less that it would be "virtually impossible for [him] to find new employment in his chosen field." *Brown v. City of Michigan City, Indiana*, 462 F.3d 720, 730 (7th Cir. 2006) (quoting *Townsend v. Vallas,* 256 F.3d 661, 670 (7th Cir.2001)). Thus, it fails to state a claim for deprivation of liberty in violation of the Fourteenth Amendment. Count II is dismissed, but since the Court is giving Plaintiff an opportunity to amend as to Count I, the dismissal is without prejudice and Plaintiff may amend allegations and claims related to Count II, if he can do so consistent with Rule 11.

As a final matter, the Court observes that (1) the case was dismissed in state court for want of prosecution; (2) the complaint is cursory (by Plaintiff's own admission (see above)); and (3) the briefing is not much more thorough (nor consistently formatted or proofread). The parties should take the time between now and May 1, 2020, to consider whether this matter is worth pursuing, and if so, by what methods. If the parties believe that litigating the case is worth the effort, then the Court hopes future submissions reflect that determination. If an amended complaint is filed, the Court also encourages the parties to consider an early settlement conference and is willing to offer its own services or those of the assigned Magistrate Judge if the parties desire assistance in that endeavor.

**IV.     Conclusion**

For the reasons set forth above, Defendant's motion to dismiss [12] is granted. Plaintiff's complaint is dismissed without prejudice, and Plaintiff is given until May 1, 2020, to file an amended complaint, if he can do so consistent with Federal Rule of Civil Procedure 11. If no amended complaint is filed on or before May 1, 2020 (or any extension of that deadline), the Court

will enter final judgment under Federal Rule of Civil Procedure 58 and close the case. If Plaintiff files an amended complaint, the Court will set this case for a further status hearing shortly thereafter.

Dated: March 27, 2020

_____
Robert M. Dow, Jr.
United States District Judge